**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TARLOK SINGH BANSAL, a.k.a. Tarlochan Singh Bansal, a.k.a. Gurlochan Singh; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73540 <br><br> Agency Nos. A075-016-340 <br> A095-588-018 <br> A095-588-019 <br> A095-588-020 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011**

Before:     THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Tarlok Singh Bansal and his family, natives of India or the Philippines and

citizens of India, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for withholding of removal and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Martinez v. Holder*, 557 F.3d 1059, 1060 (9th Cir. 2009).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Bansal and his wife's admitted fraud and perjury in connection with prior applications for asylum, *see Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011) ("[L]ies and fraudulent documents when they are no longer necessary for the immediate escape from persecution . . . support an adverse [credibility] inference."), and the agency reasonably rejected their explanation, *see Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).  We reject petitioners' contention that the agency improperly based the adverse credibility determination solely on their prior fraud and perjury.  *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (under the REAL ID Act, an immigration judge may rely on any relevant factor in assessing the "totality of the circumstances").  In the absence of credible testimony, petitioners' withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because petitioners' CAT claim is based on the same testimony found to be not credible, and they do not point to any other evidence that shows it is more

likely than not they would be tortured if returned to India or the Philippines, their CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**